# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>v.<br><br>**AMY MEINERT,**<br><br>    Defendant. | Case No. 18-20069-01-DDC |

## MEMORANDUM AND ORDER

This matter comes before the court on pro se[1] prisoner Amy Meinert's Motion for Early Release and to Reduce Sentence (Doc. 37). The court construes Ms. Meinert's motion as one making two requests: (1) for compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic, and (2) for transfer to a BOP facility in Kansas to serve the remainder of her sentence. The government construes Ms. Meinert's motion only as a request for compassionate release and opposes the motion (Doc. 40). For the reasons explained below, the court dismisses Ms. Meinert's motion because it lacks jurisdiction to decide it.

**I.    Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A).**

    **1.  Legal Standard**

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'" *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v.*

---

[1] Because Ms. Meinert proceeds pro se, the court construes her filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*


*Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).  The compassionate release statute, 18 U.S.C. § 3582(c), permits a court to modify a term of imprisonment only if certain exceptions apply.  Until recently, these exceptions required the Bureau of Prisons to bring a motion on a defendant's behalf.  But in 2018, the First Step Act modified the compassionate release statute and permitted a defendant to bring her own motion for relief.  First Step Act of 2018, Pub. L. No. 115-391, § A 603(b)(1), 132 Stat. 5194 (2018).  After this amendment, a defendant could bring a motion for compassionate release from custody but only if she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A).  But, unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant other relief.  *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (noting that without an express statutory authorization, a court lacks jurisdiction to modify a sentence).

Assuming the statutory prerequisites are met, the court may grant relief under 18 U.S.C. § 3582(c)(1)(A) if (i) "extraordinary and compelling reasons" warrant a sentence reduction, or (ii) "the defendant is at least 70 years of age, has served at least 30 years in prison, . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . . ."

### 2. Analysis

Ms. Meinert seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to the COVID-19 pandemic.  Doc. 37 at 1.  She asserts that the facility where she currently is housed is on lockdown due to COVID-19, making it difficult for her to contact her family.  *Id.* at 2.  The government contends the court is without jurisdiction to decide Ms. Meinert's motion because

she has failed to exhaust her administrative remedies as 18 U.S.C. § 3582(c)(1)(A) requires. Doc. 40 at 2. According to the government, Ms. Meinert "is obligated to first exhaust her available administrative remedies with the warden" in the facility where she is located. *Id.* at 3. So, the government asserts, the court lacks jurisdiction to consider Ms. Meinert's motion because she has not completed the administrative appeal process.

The court agrees with the government. Ms. Meinert's motion fails to show that she has "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" on her behalf or that 30 days have elapsed since she submitted a request for a motion to the warden. 18 U.S.C. § 3582(c)(1)(A). Indeed, Ms. Meinert does not report that she has filed a request for compassionate release with the warden. *See generally* Doc. 37. Because Ms. Meinert has not submitted her request to the warden—at least, she has not shown she submitted such a request—she has not shown that she has exhausted her administrative remedies. So, the court lacks jurisdiction to decide her motion. The court thus dismisses Ms. Meinert's motion (Doc. 37). *See Johnson*, 766 F. App'x at 651 (noting that when a court lacked statutory authority to modify a sentence, it "should have dismissed the motion for lack of jurisdiction"); *see also White*, 765 F.3d at 1250 (holding that "dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of" a § 3582 motion where the defendant failed to meet a statutory exception).

## II. Motion for Transfer

Alternatively, Ms. Meinert asks the court to order her transfer from her current facility "back to CCA in Leavenworth," Kansas so she may be closer to family. Doc. 37 at 2. The government did not respond to this part of Ms. Meinert's motion. Nevertheless, the court dismisses this aspect of the motion as well because it is without jurisdiction to decide it.

3

"The Bureau of Prisons shall designate the place of the prisoner's imprisonment," not the court. 18 U.S.C. § 3621(b); *United States v. Cosby*, 180 F. App'x 13, 13 (10th Cir. 2006) ("Neither this Court nor the District Court . . . have power to dictate placements to the Bureau of Prisons."). Because the court lacks jurisdiction over this matter, it dismisses Ms. Meinert's motion seeking transfer to a BOP facility in Kansas.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Amy Meinert's Motion for Early Release and to Reduce Sentence (Doc. 37) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 5th day of May, 2020, at Kansas City, Kansas.

                                         **s/ Daniel D. Crabtree**
                                         **Daniel D. Crabtree**
                                         **United States District Judge**