IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

AMY MEINERT (01),

        Defendant.

Case No. 18-20069-01-DDC

**MEMORANDUM AND ORDER**

This matter comes before the court on pro se[1] prisoner Amy Meinert's Motion for an immediate order of release under the Interstate Agreement on Detainers Act ("IADA"). Doc. 43. Ms. Meinert asks the court to invoke this statute, release her from the Bureau of Prisons's custody, and transfer her to authorities in Linn County, Kansas to address the charges pending in Case No. 15CR79. *Id.* at 1–3. For the reasons explained below, the court dismisses Ms. Meinert's Motion for immediate order of release because it lacks jurisdiction to decide the motion. And, to the extent Ms. Meinert seeks compassionate release under 18. U.S.C. § 3582, the court dismisses that request also for lack of jurisdiction.

    **I.**    **Motion for Immediate Order of Release under IADA**

        **A. Legal Standard**

Article III of the IADA establishes the procedures that a prisoner may invoke if she is seeking to dispose of a detainer lodged against her by law enforcement officials. 18 U.S.C. app. 2 § 2, art. III(a). It provides:

---

[1] Because Ms. Meinert proceeds pro se, the court construes her filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term . . . there is pending in any other party State any untried indictment . . . on the basis of which a detainer has been lodged against the prisoner, [s]he shall be brought to trial within one hundred and eighty days after [s]he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer written notice of . . . [her] request for a final disposition to be made of the indictment[.]

*Id.* The IADA requires that "warden, commissioner of corrections, or other official having custody of the prisoner shall promptly inform [her] of the source and contents of any detainer lodged against [her] and shall inform [her] of [her] right to make a request for final disposition of the indictment, information, or complaint on which the detainer is based." *Id.* art. III(c). So, the IADA requires a prisoner to file her IADA demand in the jurisdiction where the detainer is lodged. *Id.*

### B. Analysis

Ms. Meinert currently is serving a 45-month term of imprisonment based on a conviction for distributing more than 50 grams of methamphetamine. Doc. 34 at 1–2. She is housed at a facility operated by the Federal Bureau of Prisons, specifically, Hazelton Secure Female Facility in West Virginia. Doc. 43 at 2 (¶ 6). Ms. Meinert asks the court to transfer her to Linn County, Kansas to address the charges she faces in that jurisdiction in Case No. 15CR79. Doc. 43 at 1. According to the government, the court "is without jurisdiction to order the Bureau of Prisons to release the defendant to Linn County authorities" because Ms. Meinert is required to "file her IADA claim in the jurisdiction where she seeks to be transported to; in this case, Linn County, Kansas, where the actual prosecution will commence." Doc. 45 at 2. The court agrees with the government.

As the Supreme Court has explained, the 180-day time period established in Article III(a) "does not commence until the prisoner's request for final disposition of the charges against him

2

has actually been delivered *to the court and prosecuting officer of the jurisdiction that lodged the detainer against him*." *Fex v. Michigan*, 507 U.S. 43, 52 (1993) (emphasis added); *see also Birdwell v. Skeen*, 983 F.2d 1332, 1337 (5th Cir. 1993) (explaining that the "language of the IADA reveals that the 180-day period does not commence until the prisoner has caused *the proper officials* to receive the request; that is, when *the prosecutor* has obtained the request" (emphasis added)). Here, to the extent a detainer exists, the Linn County Attorney's Office, not the federal government, who would have lodged the detainer based on Ms. Meinert's state court case, *i.e.* Case No. 15CR79. So, Ms. Meinert must file her IADA claim in that state court jurisdiction, not here in federal court. As a consequence, this court lacks jurisdiction to release Ms. Meinert to Linn County authorities under the IADA.

Also, the court dismisses Ms. Meinert's request for another reason. According to the government, Ms. Meinert's state court case involves a revocation of her probation in Case No. 15CR79. Doc. 45 at 2; *see also* Doc. 31 at 9 (listing a 2015 conviction in Case No. 15CR79 for possessing methamphetamine in Ms. Meinert's Presentence Investigation Report and noting that, on September 20, 2018, the prosecution filed a motion to revoke probation and the court had issued an active warrant). But, a "probation-violation charge, which does not accuse an individual with having committed a criminal offense in the sense of initiating a prosecution . . . does not come within the terms of Art. III [of the IADA]." *Carchman v. Nash*, 473 U.S. 716, 725 (1985). Thus, the IADA does not apply to detainers for probation violations. And, because Ms. Meinert's case involves revocation of her probation in Case No. 15CR79, she is not entitled to relief under the IADA. So, the court also dismisses her motion for this second reason.

**II.     Compassionate Release under 18 U.S.C. § 3582**

While Ms. Meinert's motion doesn't include an explicit request for compassionate release, she has attached to her motion several documents, including a warden's response to her request for compassionate release.  Doc. 43 at 4.  Even if the court liberally construes Ms. Meinert's pro se motion as one requesting compassionate release under 18 U.S.C. § 3582(c)(1)(A), relief remains elusive.  As explained below, the court lacks subject matter jurisdiction to consider her request for relief under that statute.  The court first recites the legal standard and then applies it to Ms. Meinert's motion.

**A.  Legal Standard**

In 2018, the First Step Act modified the compassionate release statute and permitted a defendant to bring her own motion for relief.  First Step Act of 2018, Pub. L. No. 115-391, § A 603(b)(1), 132 Stat. 5194 (2018).  After this amendment, a defendant may bring a motion for compassionate release from custody but only if she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A).

If a prisoner satisfies the statutory prerequisites of exhaustion or lapse, the court may grant a motion seeking relief under § 3582(c)(1)(A) if (i) "extraordinary and compelling reasons" warrant a sentence reduction, or (ii) "the defendant is at least 70 years of age, has served at least 30 years in prison, . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . . ."  "Unless  the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request."  *United*

4

*States v. Saldana*, 807 F. App'x 816, 819 (10th Cir. 2020) (citations and internal quotation marks omitted) (vacating district court's Order denying motion under § 3582(c)(1)(A) and remanding with instructions to dismiss motion for lack of jurisdiction); *see also United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. Jan. 27, 2021) (affirming district court's decision to dismiss for lack of subject matter jurisdiction defendant's § 3582(c)(1)(A) motion where district court concluded that defendant's "motion failed to meet the § 3582(c)(1)(A) standards"); *United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *1–2 (D. Kan. Dec. 4, 2020) (discussing our Circuit's reading of § 3582(c) as jurisdictional).

### B. Analysis

The court lacks subject matter jurisdiction to consider Ms. Meinert's motion for at least two reasons.

*First*, Ms. Meinert hasn't shown that she has exhausted her relevant administrative rights before filing a motion seeking compassionate release. As the court explained earlier, § 3582(c)(1)(A) permits a court to modify an imprisonment term "upon motion of the defendant after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Yet, Ms. Meinert doesn't provide information sufficient for the court to determine whether she has met either alternative. Her motion fails to explain whether the warden failed to respond to her request within 30 days. So, she has not shown lapse. Nor has she shown exhaustion. For, if the warden *did* respond to (and deny) her request within 30 days, Ms. Meinert doesn't assert that she exhausted her administrative rights to appeal the warden's decision. See Doc. 43 at 4 (explaining that if Ms. Meinert was "not satisfied" with the warden's decision, she "may appeal

utilizing the Administrative Remedy Process (BP-9) within 20 days of receiving this notice"). Ms. Meinert hasn't demonstrated that she has satisfied the statute's requirement of exhaustion or lapse. So, the court lacks jurisdiction to decide her request for relief under § 3582(c)(1)(A).

*Second*, the court lacks jurisdiction over a motion seeking compassionate release under 18 U.S.C. § 3582(c) because Ms. Meinert does not present "extraordinary and compelling reasons" warranting a sentence modification. Ms. Meinert based her compassionate release request to the warden on her desire to live in Kansas because "all of [her] support system is in Kansas" and West Virginia (where Ms. Meinert is currently held) "is too far away for anyone to visit" her. Doc. 43 at 4. The desire to live in a different state because a defendant is too far away from her support system is not an "extraordinary or compelling" reason to modify a sentence under § 3582(c)(1)(A)(i). Also, Ms. Meinert is not at least 70 years old nor has she served at least 30 years in prison, so she does not meet the requirements for release under § 3582(c)(1)(A)(ii). Accordingly, this court lacks jurisdiction over a motion seeking compassionate release.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Meinert's Motion for immediate order of release under the Interstate Agreement on Detainers Act (Doc. 43) is dismissed for lack of jurisdiction. And, to the extent the Ms. Meinert's Motion seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), that request is also dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**Dated this 2nd day of March, 2021, at Kansas City, Kansas.**

>   s/ Daniel D. Crabtree
>   Daniel D. Crabtree
>   United States District Judge