IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**AMY MEINERT (01),**<br><br>    **Defendant.** | Case No. 18-20069-01-DDC |

### MEMORANDUM AND ORDER

This matter comes before the court on several letters submitted by pro se[1] prisoner Amy Meinert. The Clerk of the Court has docketed her submissions as a Motion for Order to Modify Sentence. Doc. 47. Ms. Meinert asks the court to release her to home confinement. Doc. 47 at 1. She asserts that the court should release her from prison to home confinement because she has: (1) no criminal charges pending against her,[2] (2) completed half of her imprisonment term, (3) completed drug classes, (4) an approved home plan, (5) a job waiting for her upon release,

---

[1] Because Ms. Meinert proceeds pro se, the court construes her filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

[2] Ms. Meinert says the court erred by construing her "Right to Petition, Pursuant to the Interstate Agreement on Detainers or, in the Alternative, Motion to Dismiss Speedy Disposition of Warrant(s), Information, Detainers, and/or Indictment(s)" (Doc. 43) as a request for the court to transfer her to the authorities in Linn County, Kansas to address charges pending in a case that Ms. Meinert asserts now is resolved. Doc. 47-1 at 1, 47-2 at 5. Because Ms. Meinert's motion made a "demand pursuant to the Interstate Agreement on Detainers" for final disposition of "Case No. 15CR79"—her criminal case that at one time was pending in Linn County, Kansas—the court construed her motion as seeking that relief. Doc. 43 at 1. The court apologizes if it misunderstood the relief Ms. Meinert was seeking with that particular motion. But, to the extent Ms. Meinert was asking the court to modify her sentence and impose a term of home confinement, the court also construed her motion as one seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A), and the court explained why it lacked subject matter jurisdiction to decide such a motion. Doc. 46 at 4–6.

(6) transportation, (7) access to health and dental insurance upon release, and (8) a probation officer who would agree to a plan of release to home confinement.  Doc. 47-1 at 2.  But, Ms. Meinert never asserts any basis for the court to exercise subject matter jurisdiction over her request.

"'Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]'"  *United States v. James*, 728 F. App'x 818, 822 (10th Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "After entry of final judgment, a district court has jurisdiction only to the extent permitted by statute or rule."  *Id.*  Absent authority conferring subject matter jurisdiction on this court to consider Ms. Meinert's request to modify her sentence and release her to home confinement, the court must dismiss it.  *Id.* at 822–23; *see also United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016) (affirming district court's dismissal of post-conviction motion where, among other reasons for the absence of jurisdiction, defendant "fails to identify any statute that would empower the district court to act").

As the court explained in its last Order, even if it liberally construed Ms. Meinert's earlier pro se motion (Doc. 43) as requesting compassionate release under 18 U.S.C. § 3582(c)(1)(A), the court lacks subject matter jurisdiction to consider her request for relief under that statute because (1) she hasn't exhausted her relevant administrative rights, and (2) she fails to present "extraordinary and compelling reasons" warranting a sentence modification (Doc. 46 at 4–6).  Ms. Meinert's new filings don't assert any other "statute or rule" that confers subject matter jurisdiction for this court to consider her request to modify her sentence.  So, the court must dismiss her request for home confinement.

To the extent Ms. Meinert is seeking home confinement under the CARES Act, 18 U.S.C. § 3624(c)(2), that statute authorizes the Bureau of Prisons ("BOP")—not courts—to expand the use of home confinement.  *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1118 (D. Kan. 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 n.10 (D. Kan. Apr. 10, 2020) (explaining that the CARES Act lengthens the duration that BOP's director may use for an inmate's home confinement, and that this procedure is separate from the court's jurisdiction to reduce a sentence under the compassionate release statute, § 3582(c)(1)(A) (citing *United States v. Perry*, No. 18-cr-00480-PAB, 2020 WL 1676773, at *2 n.2 (D. Colo. Apr. 3, 2020)).  So, the court also lacks jurisdiction to order home confinement under the CARES Act.

In sum, Ms. Meinert provides no basis for the court to exercise subject matter jurisdiction over her request to release her from prison to home confinement.  The court thus dismisses her motion for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Meinert's Motion for Order to Modify Sentence (Doc. 47) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

**Dated this 23rd day of March, 2021, at Kansas City, Kansas.**

                    **s/ Daniel D. Crabtree**
                    **Daniel D. Crabtree**
                    **United States District Judge**