IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 18-20069-01-DDC |
| AMY MEINERT (01), | |
| Defendant. | |

**MEMORANDUM AND ORDER**

In 2019, Amy Meinert pleaded guilty to distributing more than 50 grams of methamphetamine, violating 21 U.S.C. §§ 841(a)(1) and 842(b)(1)(A)(viii). Doc. 34 at 1 (Judgment). The court sentenced Ms. Meinert to 45 months' imprisonment. *Id.* at 2. Her projected release date is April 2, 2022. *See* Amy Meinert, Reg. No. 29521-031, https://www.bop.gov/inmateloc/ (last visited Jan. 4, 2022).

Ms. Meinert, appearing pro se,[1] has filed a motion asking the court to reduce her sentence to time served (Doc. 49). This is her fourth such motion, the court having dismissed her prior motions for lack of jurisdiction. *See* Docs. 37, 43, 47 (Ms. Meinert's previous motions); *see also* Docs. 41, 46, 48 (court's previous Orders). The court liberally construed Ms. Meinert's most recent motion as a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1) and ordered the government to respond. The government now has filed a Response (Doc. 53). Ms. Meinert hasn't filed a Reply. For reasons explained below, the court dismisses Ms. Meinert's motion.

---

[1] "[P]risoners who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [this] rule of finality is subject to a few narrow exceptions. One such exception is contained in [18 U.S.C.] § 3582(c)(1)." *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (citation and internal quotation marks omitted). Under this exception, the court may modify a term of imprisonment on a "motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days[2] from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A); *see also Maumau*, 993 F.3d at 830–31 (reviewing § 3582(c)(1)'s history, text, and requirements). Recently, our Circuit held that this exhaustion requirement is a claim-processing rule that the government may waive or forfeit. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

But when the government invokes the exhaustion requirement, the court must enforce it. Indeed, since its holding in *Hemmelgarn*, the Tenth Circuit has enforced the exhaustion requirement as a claim-processing rule when the government invoked it. *See United States v. Gieswein*, No. 21-6056, 2021 WL 4852420, at *2 n.2 (10th Cir. Oct. 19, 2021) (noting that "the exhaustion requirement, though nonjurisdictional, remains a mandatory claim-processing rule that the court must enforce when the government invokes it, as it does here"); *United States v. Purify*, No. 20-5075, 2021 WL 5758294, at *4 (10th Cir. Dec. 3, 2021) ("enforc[ing] § 3582(c)(1)(A)'s exhaustion requirement" when government invoked it).

---

[2] Under § 3582(c)(1)(A), a defendant may file a motion for compassionate release directly with the district court after "the passage of 30 days from the defendant's *unanswered request* to the warden for such relief." *See Maumau*, 993 F.3d at 830 (emphasis added).

2

Ms. Meinert asks the court to reduce her sentence to time served. She cites difficult living conditions and frequent lockdowns in the facility where she is incarcerated, as well as her high cholesterol as extraordinary and compelling reasons justifying such relief. *See generally* Doc. 49. She also discusses her delayed transfer to a halfway house, which, she claims, should have occurred in October 2021, but now isn't scheduled until late January 2022. *See id.* at 2. In response, the government highlights that Ms. Meinert hasn't exhausted her administrative remedies. *See* Doc. 53 at 5–6. And so, the government argues, the court can't order any relief. The government's right.

Ms. Meinert hasn't attached to her motion any communications to or from her warden or any other official at the facility where she is incarcerated. So, the court doesn't know whether Ms. Meinert has exhausted her administrative remedies. And recent Tenth Circuit guidance is clear: when the government invokes the exhaustion requirement, as it does here, the court must enforce the requirement. *See Hemmelgarn*, 15 F.4th at 1030–31; *Gieswein*, 2021 WL 4852420, at *2 n.2; *Purify*, 2021 WL 5758294, at *4.

While it doesn't change the outcome, there is one additional wrinkle the court will address. The government, alternatively, gives Ms. Meinert the benefit of the doubt and highlights that Ms. Meinert attached to one of her earlier motions for compassionate release (which the court dismissed, *see generally* Doc. 46) a letter from the warden of the prison. In this letter, the warden denied her request for a sentence reduction. *See* Doc. 43 at 4. The warden explained in this letter that he denied Ms. Meinert's request because her cited reason —that "[a]ll [her] support system [wa]s in Kansas" and no one could come visit her in West Virginia—wasn't an extraordinary and compelling circumstance justifying relief. *Id.* The government thus argues that even if Ms. Meinert exhausted her remedies in a general sense by requesting relief from the

3

warden at some point, she hasn't exhausted the particular issues she raises in the motion currently before the court, *i.e.*, her high cholesterol and difficult living conditions as reasons to grant compassionate release.

Courts are beginning to weigh in on the question whether 18 U.S.C. § 3582(c)(1)(A) requires compassionate release movants to exhaust each issue they raise in their motions. In a published opinion, the Seventh Circuit held that § 3582(c)(1)(A) requires so-called "issue exhaustion." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021) (per curiam) (holding that "an inmate is required to present the same or similar ground for compassionate release in a request to the Bureau as in a motion to the court" and that "any contrary approach would undermine the purpose of exhaustion"). In an unpublished decision, the Ninth Circuit has applied this rule as well. *See United States v. Rice*, 848 F. App'x 320, 321 (9th Cir. 2021) (directing district court to dismiss compassionate release motion without prejudice where movant's request to prison official "made no mention" of any extraordinary and compelling circumstances like "COVID-19 or any medical conditions"). But several district courts have chosen not to impose such a requirement, reasoning that § 3582(c)(1)(A)'s language doesn't require movants to exhaust each issue individually before raising that issue with the court. *See, e.g.*, *United States v. Torres*, 464 F. Supp. 3d 651, 655 (S.D.N.Y. 2020); *see also United States v. Ferguson*, 536 F. Supp. 3d 139, 142–43 (E.D. Mich. 2021) (holding that "§ 3582(c)(1)(A) does not require issue exhaustion" and even if it does, that requirement would apply only "where the defendant files an administrative request on one ground and then brings a motion on an unrelated ground," but it wouldn't apply where defendant "described one set" of extraordinary and compelling circumstances in the "administrative request" and then added another circumstance that "ha[d] arisen more recently" in the motion before the court).

4

The Tenth Circuit hasn't yet expressed a view on this emerging debate. And this case doesn't present the issue in a straightforward way. So, the court need not pick a side on whether § 3582(c)(1)(A) requires issue exhaustion. Ms. Meinert hasn't provided any records showing that she exhausted her administrative remedies at all before filing *this* motion. The warden's letter that the government highlights was attached to an earlier motion that the court dismissed. *See* Doc. 43 at 4 (Warden Letter); Doc. 46 (March 2, 2021 Memorandum & Order). And that letter was dated June 10, 2020, more than a year before Ms. Meinert filed the current motion. Doc. 43 at 4. Because Ms. Meinert hasn't attached any records to *this* motion showing that she exhausted her administrative remedies for *this* motion, the court denies Ms. Meinert's Motion for Compassionate Release without prejudice. Ms. Meinert can file another motion if and when she exhausts her administrative remedies.

Finally, to the extent Ms. Meinert asks the court to order her transfer to a halfway house or to order home confinement, the court denies her requests. The court has no authority to order such relief. The CARES Act, 18 U.S.C. § 3624(c)(2), authorizes the Bureau of Prisons ("BOP")—not courts—to expand the use of home confinement. *See United States v. Cumins*, 833 F. App'x 765, 766 (10th Cir. 2021) (explaining that "only the Bureau of Prisons can put an inmate in home confinement"); *see also United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1118 (D. Kan. 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision.").[3]

---

[3] And, in any event, it appears that Ms. Meinert is now in the custody of a Residential Reentry Management (RRM) field office in Kansas City, Kansas. *See* Amy Meinert, Reg. No. 29521-031, https://www.bop.gov/inmateloc/ (last visited Jan. 4, 2022) (noting that Ms. Meinert currently is located at "Kansas City RRM").

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Meinert's Motion for Compassionate Release (Doc. 49) is dismissed without prejudice.[4]

**IT IS SO ORDERED.**

**Dated this 4th day of January, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**

---

[4] The Tenth Circuit recently noted that like "dismissals for lack of jurisdiction, dismissals for failure to exhaust are ordinarily without prejudice." *Purify*, 2021 WL 5758294, at *4 n.3. Following this guidance, the court concludes the appropriate result of Ms. Meinert's failure to exhaust is to dismiss her motion without prejudice.